FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT W. HUMPHREYS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CCS ROSE, et al.,<br><br>　　　　　　Defendants. | No. 4:23-cv-05054-RMP<br><br>ORDER DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION |

Before the Court is a construed Motion for Reconsideration filed by *pro se* Plaintiff Scott W. Humphreys, a prisoner currently housed at the Coyote Ridge Corrections Center ("CRCC"). ECF No. 17.

## BACKGROUND

On April 24, 2023, Plaintiff filed a construed *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. On June 12, 2023, in an Order to Show Cause, the Court determined that because Plaintiff had brought at least three other cases that were dismissed as frivolous, malicious, or failed to state a claim, Plaintiff had lost the privilege of filing additional suits *in forma pauperis* unless he

ORDER DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S
CONSTRUED MOTION FOR RECONSIDERATION -- 1

was able to demonstrate that he was "under imminent danger of serious physical injury." ECF No. 7 at 2–3 (*citing* 28 U.S.C. § 1915(g); *see Andrews v. Cervantes*, 493 F.3d 1047, 1055–56 (9th Cir. 2007) (discussing imminent danger exception to three-strikes rule)).

On July 18, 2023, after reviewing Plaintiff's construed response to the Court's Order to Show Cause, the Court denied Plaintiff's application to proceed *in forma pauperis* and dismissed the action without prejudice. ECF No. 12. The Court entered judgment the same day. ECF No. 13. On July 19, 2023, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals. ECF No. 14.

On July 24, 2023, Plaintiff filed the instant construed Motion for Reconsideration. ECF No. 17. For the reasons set forth below, the Court dismisses Plaintiff's Motion for Reconsideration for lack of jurisdiction.

## MOTION FOR RECONSIDERATION

As a threshold matter, "[t]he filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *Davis v. United States*, 667 F.3d 822, 824 (9th Cir. 1982). A district court may resolve a motion for reconsideration that was pending before the notice of appeal was filed. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001); Fed. R. App. P. 4(a)(4)(B)(i)). However, when a motion for reconsideration is filed after a notice of appeal, the district court lacks jurisdiction to adjudicate the motion unless the plaintiff has followed the proper procedure to bring the motion back before the

ORDER DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION -- 2

1  Court. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002). The United

2  States Court of Appeals for the Ninth Circuit has prescribed that "the proper

3  procedure is to ask the district court whether it wishes to entertain the motion, or to

4  grant it, and then move [the Court of Appeals], if appropriate, for remand of the

5  case." *Williams*, 384 F.3d at 586 (international quotation and citation omitted).

6  Plaintiff has not sought remand and filed his Motion for Reconsideration

7  approximately five days after he filed his Notice of Appeal. *See* ECF No. 17.

8  Therefore, the Court lacks jurisdiction to grant or deny Plaintiff's Motion for

9  Reconsideration at this time.

10       Nonetheless, in the interest of judicial economy and clarity for Plaintiff, the

11 Court also discusses how it would resolve Plaintiff's Motion for Reconsideration

12 on its merits, were Plaintiff to seek remand for purposes of the Motion. A motion

13 for reconsideration may be reviewed under either Federal Rule of Civil Procedure

14 Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

15 judgment). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

16 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it

17 '(1) is presented with newly discovered evidence, (2) committed clear error or the

18 initial decision was manifestly unjust, or (3) if there is an intervening change in

19 controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir.

20 2013) (quoting *School Dist. No. 1J , Multnomah Cnty., Or.*, 5 F.3d at 1263).

21

ORDER DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S
CONSTRUED MOTION FOR RECONSIDERATION -- 3

1  "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah Cnty., Or.*, 5 F.3d at 1263.

Plaintiff's assertions set forth in the construed Motion for Reconsideration are difficult to decipher. However, Plaintiff presents no new facts, information, or newly discovered evidence for the Court to consider in evaluating his request. *Id*. He has not shown that the Court committed clear error or that the Court's Order Denying Leave to Proceed *In Forma Pauperis* and Dismissing Action, ECF No. 12, was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id*.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's construed Motion for Reconsideration, **ECF No. 17**, is **DISMISSED FOR LACK OF JURISDICTION**. Furthermore, this Order serves as notice that this Court does not wish to entertain nor grant Plaintiff's Motion for Reconsideration and, consequently, a request to remand the action for that purpose is unwarranted.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide a copy to Plaintiff.

**DATED** July 26, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION -- 4